IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RACHEL BYRD, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 10-00220-CG-N |
| GREGORY BARRO, PLC, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This matter came before the undersigned for a hearing on February 2, 2011 on the following: defendant's offer of judgment (doc. 19); plaintiff's response (doc. 20) to defendant's offer of judgment, and plaintiff's application (doc. 21) for attorney's fees and costs pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Present at the hearing were James J. Dailey, Esq., counsel for plaintiff Rachel Byrd and Charles Nichols Parnell, III, Esq., counsel for defendant Gregory Barro, PLC. These matters have been referred to the undersigned pursuant to 28 U.S.C. 636 (b)(1)(B) and Local Rule 72.2 for entry of a report and recommendation.

### I. OFFER OF JUDGMENT.

On October 28, 2010, defendant filed an offer of judgment to the plaintiff in the amount of $1000.00, "together with any attorney's fees and costs agreed upon by the parties or proven to the Court's reasonable satisfaction at a date set by the Court." (Doc. 19). On November 5, 2010, plaintiff filed an acceptance of defendant's offer of judgment for $1000.00, plus attorney's fees and costs (doc. 20), and confirmed that the parties

would either agree within ten days to the amount of attorney's fees and costs to be paid or leave such to be determined by the Court. In view of plaintiff's unambiguous acceptance of defendant's offer of judgment, it is recommended that JUDGMENT be entered in favor of the plaintiff and against the defendant in the amount of $1,000.00 plus attorney's fees and costs as set forth below.

## II. ATTORNEY'S FEES AND COSTS.

A. <u>Background</u>.

On May 3, 2010, plaintiff Rachel Byrd filed this action against Defendant Gregory J. Barro, PLC, asserting claims under the FDCPA, as well as ancillary state law claims for negligence and wantonness. The sole factual allegation set forth in the complaint is that "[i]n, March 2010, Defendant improperly contacted plaintiff via phone and then mail in order to collect a debt to AT &T." Complaint (Doc. 1 at ¶ 9). In response to a show cause order (doc. 10) entered by the Court on July 19, 2010, regarding the parties' failure to file their Rule 26(f) Report, plaintiff's counsel acknowledged that defendant's counsel was working with his client "to try to locate the account which is the subject of the litigation" and that "confusion resulted from a different name of the Plaintiff." (Doc. 11 at ¶ 1.). Plaintiff's counsel also advised the Court that, as a result of his production of "all his documentary initial disclosures to defendant," there was a better chance of settlement of the case. (Id. at ¶¶ 4-5). Ultimately, plaintiff's counsel did not dispute that the only item of physical evidence produced by plaintiff's counsel was a collection letter sent to plaintiff by the defendant on March 30, 2010. *Cf.* Defendant's Response (Doc. 24) at 2 with Plaintiff's Reply (Doc. 26) at Exh. 1 (Doc. 26-1). Plaintiff's counsel

confirmed in a joint submission to the Court on August 24, 2010, that "[b]oth counsel . . . have continued to try to reach their clients concerning a potential settlement in this case." (Doc. 16 at 1).

Plaintiff's counsel contends that on August 12, 2010, he was "forced to file discovery since defendant was being willful and recalcitrant about settling the case." Reply (Doc. 26) at 1.[1] On October 13, 2010, plaintiff's counsel sent an email to defendant's counsel stating: "Since your client does not want to settle, please answer my discovery within seven days to avoid a Motion to Compel." (Doc. 26-1 at 6). On October 28, 2010, as stated above, defendant filed an Offer of Judgment indicating a willingness to pay "judgment to the Plaintiff in the amount of $1,000.00, which includes all actual and statutory damages requested . . . together with any attorney's fees and costs as agreed upon by the parties or proven to the Court's reasonable satisfaction." (Doc. 19). This Offer was accepted by the plaintiff on November 5, 2010. (Doc. 20).

The parties were unable to reach an agreement regarding the amount of attorney's fees to be paid. Consequently, on November 16, 2010, plaintiff filed an application (doc. 21) for attorney's fees and costs pursuant to the FDCPA. The FDCPA provides, in pertinent part:

> . . . any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the

---

[1] At the oral arguments conducted on February 2, 2010, plaintiff's counsel conceded that he had not filed any discovery notice with the Court. In view of the objections filed by the defendant as to the amount of time claimed to have been expended by plaintiff's counsel in this case, plaintiff's counsel was instructed to file these discovery requests in their entirety, and he did so on that day. (Doc. 28).

foregoing liability, the costs of the action, together with a reasonable attorney fee as determined by the court.

15 U.S.C. § 1692k(a)(3).[2] Plaintiff seeks attorney's fees in the amount of $9,810, representing 32.7 hours charged at $300/hr, plus costs in the amount of $435.00. Doc. 21, as amended by Doc. 26.

Upon consideration of plaintiff's application (doc. 21-22), defendant's brief in opposition thereto (docs. 24-25), plaintiff's reply (doc. 26), the parties respective oral arguments and all other pertinent portions of the record, it is recommended that plaintiff's application be GRANTED, in part, and that reasonable attorney's fees in the amount of $4,906.00 and costs in the amount of $435.00 be awarded to the plaintiff.

B. Analysis.

1. Standard of Review.

The award of attorney's fees to a prevailing party in an FDCPA action is mandatory. *See e.g.,* Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164, 1166 (7th Cir. 1997)(District Court's denial of application for attorney's fees by successful FDCPA plaintiff was reversed on the grounds that "award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory."); Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628 (4th Cir. 1995) ("the fee award under § 1692k is mandatory in all but the most unusual circumstances"); Graziano v. Harrison, 950 F.2d 107, 114 (3rd Cir. 1991) (declaring that court may decline to award attorney's fees to

---

[2] Inasmuch as the plaintiff has accepted (doc. 20) defendant's offer of judgment (doc. 19), plaintiff is a "successful" consumer under the FDCPA.

prevailing FDCPA plaintiff only in unusual circumstances); *see also* Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2nd Cir. 1998) (prevailing plaintiff in FDCPA suit should be awarded costs and reasonable attorney's fees, regardless of whether actual or statutory damages are awarded). Indeed, "[t]he award of attorney's fees is not a special or discretionary remedy; rather, the award of attorney's fees is intended to encourage consumers to act as 'private attorneys general' to enforce the FDCPA." Mann v. Acclaim Financial Services, Inc., 348 F.Supp.2d 923, 926-27 (S.D. Ohio 2004).

The Eleventh Circuit has set forth the following method by which to calculate an appropriate award of attorney's fees under the FDCPA:

> The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In interpreting this provision, we have held that Supreme Court precedent in the civil rights fee-shifting context is applicable. [] Under the Supreme Court's approach, we said, "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." [] In addition, "reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community."[] Our clear precedent thus requires a district court, when awarding attorneys' fees under the FDCPA-like under the typical fee-shifting statute-to do the following:
>
>> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.

5

Moton v. Nathan & Nathan, P.C., 297 Fed. Appx. 930, 931-32 (11th Cir. 2008)(internal citations omitted), *quoting* Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Eleventh Circuit has, for some time, applied the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to determine a reasonable hourly rate in conjunction with the lodestar analysis. *See* Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299-1300 (11th Cir. 1988)("[T]he *Johnson* factors have utility in establishing the hourly rate[and] [i]n evaluating comparability of the market rates being attested to, the district court may wish to consider any of the Johnson factors to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court."). *See also*, Loranger, 10 F.3d at 781, n. 6 ("Although [*Johnson's*] balancing test has . . . been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate."). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Association of Disabled Americans v. Neptune Designs, 469 F.3d 1357, 1359, n. 1 (11th Cir. 2006), *citing* Johnson, 488 F.2d at 717-19.

Plaintiff has the burden not only to establish her entitlement to an attorney's fee under FDCPA, but to provide documentation of a reasonable hourly rate and hours expended. *See* ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999); Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc., 207 F.3d 1247, 1252 (11th Cir. 2000) (finding that plaintiff has the burden of producing satisfactory evidence that the hourly rate submitted is in accord with market rates for the area.). To meet this burden, plaintiffs may produce "either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." Duckworth v. Whisenant, 97 F.3d 1393, 1395 (11th Cir. 1996) (*citing* Norman, 836 F. 2d at 1299). However, the district court may rely upon its own knowledge and experience concerning the rates charged by comparable attorneys. Norman, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses as to value.").

  2. Reasonable Rate.

As noted above, to determine the reasonable rate for an attorney's services, courts look to "the reasonable hourly rate for an attorney's services i[n] 'the place where the case is filed.'" ACLU, 168 F.3d at 437, *quoting* Cullens v. Georgia Dep't. of Transp., 29 F.3d 1489, 1494 (11th Cir.1994). S*ee also* Moton, 297 Fed. Appx. at 931-32, *quoting* Hollis, 984 F.2d at 1161 ("'reasonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community."). However, the Court may award a non-local hourly rate if, and only if, the plaintiff demonstrates "a lack of attorneys

7

practicing in [the Southern District] who are willing and able to handle [her] claims." ACLU, 168 F.3d at 437, *citing* Cullens, 29 F.3d at 1494 (finding that district court did not err by awarding Macon, Georgia rates because "plaintiffs did not meet their burden of showing a lack of Macon lawyers willing or able to handle their individual claims."). *See also*, Brooks v. Georgia State Bd. of Elections, 997 F.2d 857, 869 (11th Cir. 1993)(upholding decision to award non-local rates based on the district court's finding that there were no local attorneys who could have handled the case).

Plaintiff's counsel, James J. Dailey, claims that a reasonable hourly rate for his work in this case is $300 per hour. In support of this claim, plaintiff has submitted the affidavit of Kenneth Riemer, an attorney who "believe[s] that an hourly rate of $300 per hour fee is reasonable for Mr. Dailey's work in this case." *See* Doc. 22. Mr. Riemer also states that he has been a practicing attorney for over 20 years, the last nine of which he has been litigating consumer protection suits in federal courts in Alabama, and that his usual hourly rate is $300. (*Id.*) Mr. Riemer also contends that the $300 hourly rate sought by Mr. Dailey "is in line with the awards I have received in these types of cases." *Id*. at 1, *citing* Joiner v. BayRock Mortgage Corp., Civil Action No. 08-00429-GB-B (S.D. Ala., Mar. 25, 2010)(Doc. 45)(Approving $300/hr.); Dempsy v. Palisades Collection, Inc., Civil Action No. 09-00309-KD-C (S.D. Ala., Mar. 11, 2010)(Doc. 26)(Approving $250/hr.). A review of these cases reveals that, with respect to the Joiner action, plaintiffs obtained a judgment for over $50,000 on various claims brought pursuant to the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real

Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq., (doc. 37),[3] together with an award of $14,400.00 for attorneys' fees and $437.21 for costs (doc. 45). In contrast to Joiner, the plaintiff in Dempsey, an FDCPA case, obtained an offer of judgment from the defendant in the amount of $5,000 (docs. 14-16), and the Court awarded Mr. Riemer "reasonable attorney's fees in the amount of $2,400.00 and costs in the amount of $355.75" (doc. 26). The attorney's fees in Dempsey represent compensation for 9.6 hours at a rate of $250 per hour (doc. 26).[4] Finally, Mr. Riemer states that he "reviewed Mr. Dailey's time sheet and such appears top [sic] be fair, reasonable, and necessary for proper prosecution of an FDCPA case." *Id*.

Defendant argues that an hourly rate of $300 is unreasonable because "[n]othing has changed" since Judge Steele declared in Box v. Bay Area Credit Union Service, Civil Action No. 04-00495-WS, that a reasonable hourly rate for Mr. Dailey's services was $200, a rate defendant claims is still fair and reasonable. Mr. Dailey counters that Box was "six years ago" and defendant "has conveniently failed to mention the other pending FDCPA cases in this Court filed by [Dailey] showing more experience." (Doc. 26 at 2). A review of all pending cases in this Court reveals, however, that Mr. Dailey has brought only five FDCPA cases in the six years since Box, one of which has only recently been

---

[3] Plaintiffs in Joiner specifically obtained a judgment against one defendant of $4,000 on a TILA claim; against two defendants, jointly and severally, in the amount of $42,412.50 on RESPA claims; and against yet another defendant in the amount of $4,735.50 on a RESPA claim. Civil Action No. 08-00429-CG-B at Doc. 37.

[4] Mr. Riemer actually sought to be compensated in Dempsey for 32.2 hours at an hourly rate of $300, for an attorney's fee award of $9,660. Civil Action No. 09-00309-KD-M at Doc. 23.

9

initiated and the defendant therein has not yet been served.[5]  Mr. Dailey cites to no other cases upon which he bases his contention that his experience since Box now justifies charging an hourly rate of $300.

The undersigned has considered not only the legislative purpose for mandating the reimbursement of attorney's fees in FDCPA cases, but also the Johnson factors, Mr. Dailey's relevant experience, the amount of time billed in this case and judicially determined rates in comparable recent cases.  Based on such consideration, the undersigned concludes that $250 per hour constitutes a reasonable hourly rate for Mr. Dailey's legal representation in this case and recommends that such rate be employed.

      3.    <u>Recoverable Time</u>.

In determining whether the hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary".  Norman, 836 F. 2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." ACLU, 168 F.3d at 428. The Court expects counsel to "exercise billing judgment" and exclude those hours that are excessive, redundant, or unnecessary, i.e.,

---

[5] Other than the case at bar which was filed on May 3, 2010, Mr. Dailey filed the following FDCPA cases since Box:  Bailey v. M. Ann Wright, P.C., Civil Action No. 06-0749-CG-C (settled) Downey v. Oxford Management Services, Civil Action No. 08-0720-CG-M (settled);  Senn v. Holloway Credit Solutions, Inc., Civil Action No. 10-0047-KD-M (pending); and Swinney v. AFNI, Inc., Civil Action No. 10-0637-B (filed December 2, 2010 but defendant not yet served, which is the subject of a show cause order entered February 7, 2011 (doc. 5).

hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.* Thus, the Court must exclude any hours that are not reasonably expended. *Id.* at 43. It is also well established that counsel cannot recover at an attorney's hourly rate for time spent performing tasks which could be performed by a paralegal:

> . . . a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment. Where such an adjustment is made the district court must provide an identification of the hours falling within this category or at least point to circumstantial evidence from which it infers that substantial work of this nature was done.

Norman, 836 F.2d at 1306. And even a paralegal's fees may be recovered "only to the extent that the [timekeeper] performs work traditionally done by an attorney." Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir.1982); *see also* Missouri v. Jenkins, 491 U.S. 274, 288, n. 10 (1989) (among other tasks appropriate for a lawyer to perform, "factual investigation, including locating and interviewing witnesses" may be performed by a paralegal; however, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); Western Sur. Co. v. Bradford Elec. Co., Inc., 483 F.Supp.2d 1114, 1121 (N.D. Ala. 2007)("[H]ours spent on purely clerical work or secretarial tasks are unrecoverable overhead expenses.").

In support of his application for fees, Dailey submits a time sheet setting forth the date, activity and time for each item charged. The total hours claimed in the fee application is 29.7. Mr. Dailey seeks an additional 3 hours for "reading, responding, and compiling evidence and law in opposition to the defense response [to his fee

application]." Doc. 26 at 3. Consequently, the total hours now claimed by Mr. Dailey is 32.7 hours.

Defendant's objections to the time claimed by Dailey are essentially divided into three categories: (1) time alleged to be excessive; (2) time improperly billed at an attorney's rate instead of at a paralegal or secretarial rate; and (3) time for which no one could ascertain what work was performed. Doc. 24 at 7-9. It is recommended that defendant's objections be **SUSTAINED** as follows.

(1) Excessive Time.

The undersigned finds that the actual time billed by Mr. Dailey in connection with certain activities is excessive. Specifically, the 2.3 hours charged by Mr. Dailey for preparation of the complaint in this case on 4/28/10 is excessive and should be reduced to 1.3 hours. Mr. Dailey utilized a form pleading which was identical in all respects to that used in Box (Civil Action No. 04-00495-WS-D), Bailey (Civil Action No. 06-00749-CG-C), Downey, (Civil Action No. 08-00720-CG-M), and Senn (Civil Action No. 10-00047-KD-M), except with respect to the names of the parties and the following one sentence factual allegation set forth at paragraph 9:

> In, March 2010, Defendant improperly contacted plaintiff via phone and then mail in order to collect a debt to AT&T.

Doc. 1 at ¶ 9. Similarly, the 2.2 hours charged on 8/11/10 and the 1.2 hours charged on 8/12/10 for preparation of interrogatories and requests for production is excessive and should be reduced to 1 hour for both activities. These documents (doc. 28-1), which the undersigned required Mr. Dailey to file with the Court, clearly represent forms utilized by

12

Mr. Dailey in FDCPA cases as evidenced by the definition of "Plaintiff" contained on page 2 of the otherwise very generic document:

> a **"Plaintiff"**, and any derivative thereof, means the Plaintiff, <u>Van Sowell</u>.

Doc. 28-1 at 2 (bold emphasis in original; underlined emphasis added).[6] Finally, the 3.2 hours charged by Mr. Dailey on 11/13/10 for the activity described as "research and prepare brief for application for fees and costs" (doc. 21-1 at 4) should be reduced to 1.0 hours and the additional 3 hours charged for his reply brief (doc. 26 at 3) should be reduced to .5 hours. As was true with respect to the complaint filed in this case, Mr. Dailey utilized the same fee application, virtually word for word, he submitted in <u>Box</u>, merely changing the amount of hours charged, the hourly rate and the amount of the judgment obtained.[7] Mr. Dailey's reply brief does not contain any legal argument or evidence of comparable hourly rates. The only alleged "evidence" proffered by Mr. Dailey is a copy of various emails to defendant and defendant's counsel (doc. 26-1) submitted in support of his contention that the defendant "stonewalled – forcing more time and effort to be expended" and a computer printout (doc. 26-2) described by Dailey as "E-mails sent out by the Clerk's office and between counsel" which is

---

[6] A review of cases filed in this Court by Mr. Dailey reveals that Mr. Dailey was the plaintiff's attorney in <u>Van Sowell v. Olympic Group, Inc.</u>, Civil Action No. 01-00100-BH-M

[7] Mr. Dailey did also remove a portion of his description in <u>Box</u> of his specific experience in this Court which was contained in the paragraph entitled "The Experience, Representation, and Ability of Applicant." *Cf*. <u>Box</u>, Civil Action No. 04-00495-WS-D at Doc. 25 at ¶ 3.A.i. and Doc. 21 at ¶ 3.A.i. of the case at bar. It should also be noted that, although Mr. Dailey states in the present application that he "successfully handled FDCPA cases in this District," he fails to list any such cases, including the <u>Box</u> case.

incomprehensible to the undersigned.[8]  Mr. Dailey is entitled to be compensated for only .5 hours associated with his reply brief.

(2)  Paralegal or Secretarial Tasks.

The undersigned finds that the following charges by Mr. Dailey were improperly charged at an attorney's rate when the tasks performed were clerical.  The undersigned recommends that the 5.1 hours at issue should be billed at a paralegal rate of no more that $60.00 per hour:

| Date | Task | Hours |
|---|---|---|
| 8/23/10 | background check on client and defendant | .7 |
| 8/23/10 | open file | .5 |
| 4/30/10 | prepare cover sheet | .3 |
| 5/3/10 | file complaint | .2 |
| 5/6/10 | service notice | .2 |
| 5/25/10 | Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons | .9 |
| 5/25/10 | Fax Barro | .2 |
| 7/20/10 | Fax def atty-present evidence | .6 |
| 8/3/10 | Notice of Filing | .3 |
| 8/4/10 | Scheduling Order/calendar the same | .4 |
| 6/24/10 | Fax def time | .2 |
| 11/1/10 | prepare Oj letter to client, attach ARCP 68, sig page | .6 |

*See* Doc. 21-1 at 2-4.  Consequently, it is recommended that Mr. Dailey receive $306.00 for these 5.1 hours.

(3)  Unascertainable Charges.

Defendant's objection to the following .8 hours charged by Mr. Dailey should be sustained and these charges stricken as unascertainable:

---

[8] Mr. Dailey also failed to offer any useful explanation of this evidence at the hearing conducted on February 2, 2011.

14

| | | |
|---|---|---|
| 5/3/10 | em Sharon | .1 |
| 6/8/10 | em court grenade | .1 |
| 7/26/10 | em def def position | .4 |
| 7/29/10 | em def position | .2 |

At the hearing counsel for plaintiff was given the opportunity to clarify the nature of these charges. However, Mr. Dailey was unable to satisfactorily explain what these charges encompassed and thus has failed to meet his burden to establish his entitlement to compensation for them.

In summary, the undersigned recommends that, of the total 32.7 hours now claimed by Mr. Dailey, he be awarded a fee for 18.4 hours at an attorney's hourly rate of $250, a sum of $4,600.00, and for 5.1 hours at a paralegal hourly rate of $60, a sum of $306.00, for a total attorney's fee award of $4,906.00.[9]

    4. <u>Costs</u>.

The plaintiff represents that she has incurred costs in the total amount of $435.00, which equals the total of this Court's $350 filing fee, $50.00 back ground check and $35.00 incurred for "postage [and] copies." (Doc. 21 at 8). The defendant has raised no

---

[9] Defendant argued that "Dailey's fee request should be denied or substantially reduced" based on the principals announced in <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992). Specifically, defendant argues that no attorney's fees should be awarded because plaintiff's acceptance of a $1000 offer of judgment constitutes a de minimus result in a case that did not involve any significant legal issues or damages and for which plaintiff's counsel used strictly boilerplate pleadings. Although the undersigned has recommended that Mr. Dailey's fee be reduced considerably, defendant's reliance on <u>Farrar</u> is unavailing in light of the mandate that the prevailing plaintiff in a FDCPA action is entitled to an award of costs and attorney's fees in all but unusual circumstances. *See e.g.* <u>Graziano</u>, 950 F.2d at 114 (declaring that court may decline to award attorney's fees to prevailing FDCPA plaintiff only in unusual circumstances); <u>Savino</u>, 164 F.3d at 87 (prevailing plaintiff in FDCPA suit should be awarded costs and reasonable attorney's fees, regardless of whether actual or statutory damages are awarded).

objection to the requested costs. It is therefore recommended that, pursuant to 15 U.S.C. § 1692k(a)(3), the plaintiff also be awarded costs in the amount of $435.00.

## CONCLUSION

For the reasons set forth herein, the undersigned recommends that plaintiff's application be **GRANTED, <u>in part</u>,** and that the plaintiff be awarded a total of $5,341.00, representing reasonable attorney's fees in the amount of $4,906.00 and costs in the amount of $435.00. It is further recommended that **JUDGMENT** be entered in favor of the plaintiff, Rachel Byrd, and against the defendant, Gregory Barro, PLC, in the amount of $1,000.00 plus the aforementioned attorney's fees and costs in the amount of $5,341.00.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this 16th day of February, 2011.

<pre>                              /s/ Katherine P. Nelson
                              <b>KATHERINE P. NELSON
                              UNITED STATES MAGISTRATE JUDGE</b></pre>

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[10] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this 16th day of February, 2011.

        /s/ Katherine P. Nelson
        UNITED STATES MAGISTRATE JUDGE

---

[10] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).